Elliot J. Siegel (Bar No. 286798)
elliot@kingsiegel.com
**KING & SIEGEL LLP**
724 South Spring Street, Suite 201
Los Angeles, California 90014
tel:  (213) 465-4802
fax:  (213) 465-4803

Navid Barahmand, Esq. (Bar No. 340934)
**BARAHMAND LAW GROUP**
navid@barahmandlaw.com
7324 Sepulveda Boulevard, Suite B
Van Nuys, CA 91405
tel:     (818) 574-3355
fax:     (818) 574-3757
Attorneys for Plaintiff

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON RODRIGUEZ, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SITEONE LANDSCAPE SUPPLY LLC, a California corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00297 SSS (SPx)<br><br>**STIPULATION TO DISMISS PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND CLASS CLAIMS WITHOUT PREJUDICE**<br><br><br>Complaint Filed: December 3, 2024<br>Trial Date:  None<br>District Judge:  Hon. Sunshine Suzanne Sykes<br>Courtroom 2, Riverside<br>Magistrate Judge:  Hon. Sheri Pym<br>Courtroom 4, Riverside |

Pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii), and subject to Court approval, Plaintiff Ramon Rodriguez ("Plaintiff") and Defendant SiteOne Landscape Supply LLC ("Defendant") (collectively, "the Parties") through their duly authorized respective counsel of record, hereby stipulate and agree:

WHEREAS, Plaintiff filed his Class Action Complaint on December 3, 2024 in Riverside Superior Court.

WHEREAS, Defendant removed the action on February 3, 2025.

WHEREAS, after filing the Complaint, Plaintiffs' counsel and counsel for Defendant met and conferred regarding the allegations in the Complaint.

WHEREAS, after the filing of the Action, counsel became aware of a settlement on a class and PAGA basis in a prior-filed putative class action, which, as drafted, subsumed the putative class at issue in this Action: *Caballero v. Siteone Landscape Supply, LLC, et al.*, Eastern District of California, Case No. 2:23-cv-01533-DAD-AC (the "Caballero Action").

WHEREAS, in light of the impact of the *Caballero* settlement on the class and PAGA claims at issue, Plaintiff and Defendant have entered into a settlement regarding Plaintiff's individual claims and seek to dismiss Plaintiff's individual claims with prejudice.

WHEREAS, the class action is in the earliest stages of litigation: the parties have not yet attended the initial case management conference and discovery has not yet commenced. As a result, the putative class has not been certified, nor has the Court set a date for completion of certification-based discovery or the filing of a motion for class certification. As a corollary, notice of pendency of the action has not been sent to the putative class, nor has a *Belaire-West* or any other type of notice been sent that would advise putative class members of this litigation. As such, no class members are likely to have relied upon this action in withholding from filing their own claims, and, even if they did, those claims are tolled while this action was pending—protecting those potential litigants. *See, e.g.*, *Crown, Cork & Seal Co. v.*

*Parker*, 462 U.S. 345, 353–54 (1983) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.").

WHEREAS, that the dismissal is without prejudice, prior to certification, will not bind absent putative class members in any way, and prior to any notice to the putative class of the claims or the action, notice of the dismissal is not required pursuant to Rule 23(e).

WHEREAS, dismissal of the claims plead in this Action will not prejudice any Party nor any absent putative class members, who remain free to bring their own claims against Defendants.

THEREFORE, the Parties hereby jointly stipulate and request that the Court approve dismissal with prejudice of Plaintiff's individual claims and dismissal without prejudice the class action and PAGA representative claims.[1]

**IT IS SO STIPULATED.**

DATED:  April 3, 2025           KING & SIEGEL LLP

                                By:  /s/ Elliot J. Siegel
                                Elliot J. Siegel

                                Attorney for Plaintiff
                                RAMON RODRIGUEZ

---

[1] The Parties believe that this matter may be resolved without hearing in the interests of judicial efficiency.

DATED: April 3, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Aaron H. Cole
    Aaron H. Cole
    Briana LaBriola
    Sona P. Patel

Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY LLC

# SIGNATURE CERTIFICATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I hereby certify that the content of this document is acceptable to all Counsel and that I obtained, as of the date of filing, the authorization of each signatory to affix his or her electronic signature to this document.

Date: April 3, 2025                    /s/ Elliot J. Siegel
                                       Elliot J. Siegel

**DECLARATION OF ELLIOT J. SIEGEL**

I, Elliot J. Siegel, declare as follows:

1. I am a Partner at the law firm of King & Siegel LLP, counsel of record for Plaintiff Ramon Rodriguez. I am an attorney licensed to practice law before this Court. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration and, if called to testify, I could and would testify competently thereto. I offer this declaration in support of the Parties' Stipulation to Dismiss Plaintiff's Individual Claims With Prejudice And Class Claims Without Prejudice. .

2. After filing the Complaint, after the filing of the Action, counsel became aware of a settlement on a class and PAGA basis in a prior-filed putative class action, which, as drafted, subsumed the putative class at issue in this Action: *Caballero v. Siteone Landscape Supply, LLC, et al.*, Eastern District of California, Case :23-cv-01533-DAD-AC (the "Caballero Action").

3. In light of the impact of the *Caballero* settlement on the class and PAGA claims at issue, Plaintiff and Defendant have entered into a settlement regarding Plaintiff's individual claims.

4. In light of their factual investigation, Class Counsel does not believe that it appropriate to maintain the Class or Representative claims due to the burden of proof in proving those claims in light of the information provided by Defendants.

5. The action is at the very earliest stages of litigation; the discovery has not commenced nor have the Parties nor the Court had the initial Rule 16 or Rule 26(f) conferences.

6. Likewise, the putative class has not been certified, nor has a schedule for a motion for certification been set. Notice of pendency of the action has not been sent to the putative class, nor has a *Belaire-West* notice been provided to any putative class members.

7. As such, no class members are likely to have relied upon this action in withholding from filing their own claims, and, even if they did, those claims are tolled

while this action was pending—protecting those potential litigants. *See, e.g.*, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *see also Montoya v. Ford Motor* Co., 46 Cal. App. 5th 493, 500 (2020), *review denied* (June 24, 2020); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1122 (1988).

8. There is no injustice in dismissing the Class or PAGA causes of action, and no putative class members or aggrieved employees are prejudiced in any way. None have been involved in this lawsuit and any employees who work for Defendants may bring their own individual claims, as those claims have been equitably tolled during the pendency of this litigation and will not be waived by a dismissal without prejudice.

9. Given that the dismissal is without prejudice, prior to certification, will not bind absent putative class members in any way, and prior to any notice to the putative class of the claims or the action, notice of the dismissal is not required pursuant to Rule 23(e).

10. Class Counsel is not receiving any consideration, either directly or indirectly, for dismissal of the Class and/or PAGA claims in this case. Named Plaintiff is receiving consideration for the dismissal of his individual claims in this action, in an amount less than five figures.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2025 in Los Angeles, California.

/s/ Elliot J. Siegel
Elliot J. Siegel